Commonwealth ex rel. Tanner, Appellant, *v.* Ashe, Warden.

Argued October 9, 1950. Before DREW, C. J., STERN,
STEARNE, JONES, LADNER and CHIDSEY, JJ.

· *W. Gordon Rauck,* for appellant.

*Owen B. McManus,* Assistant District Attorney,
with him *William S. Rahauser,* District Attorney, for
appellee.

OPINION BY MR. JUSTICE HORACE STERN, November
13, 1950:

Convicted some years ago of murder in the first de-
gree and sentenced to life imprisonment, the relator,
Clarence E. Tanner, applied to the court below for a
writ of habeas corpus on the ground that he had been
indicted and tried for the commission of a crime dif-
ferent from that for which he had been held to await
the action of the grand jury. The court below refused
the writ, from which order the relator now appeals.

The homicide arose out of a quarrel between the
relator and one Riley during the course of a crap
game; following an argument between them the relator
shot and killed Riley. A coroner's inquest held into
the death of the deceased "recommended" that Tanner
be held for the grand jury upon a charge of man-
slaughter. The district attorney prepared a bill of in-
dictment charging murder and voluntary manslaughter;

a true bill was found by the grand jury and the relator was tried thereon, convicted and sentenced as above stated.*

In *Maginnis's Case*, 269 Pa. 186, 195, 112 A. 555, 558, it was stated that "It is established law that, when a prosecuting officer is satisfied from his investigations that a *higher grade of offense, cognate to the one. returned by the committing magistrate,* is properly chargeable against a defendant, he may draw the bill accordingly. . . ." In that case the return by a justice of the peace charged the defendant with simple assault and battery; it was held not improper on the part of the district attorney to draw an indictment charging *felonious* assault and battery,—a higher degree of the crime. In *Commonwealth v. Musto,* 348 Pa. 300, 303, 35 A. 2d 307, 309, it was stated that a "defendant should not be required to answer a charge *different from, and unrelated to,* the one for which he was arrested and held to bail." In *Nicholson v. Commonwealth,* 96 Pa. 503, where an information had been made for seduction under promise of marriage, it was held that an indictment could properly include counts for fornication and bastardy. In *Commonwealth v. Danner,* 79 Pa. Superior Ct. 556, 558, it was said that "Any crime arising out of the same transaction can be laid in the indictment"; it was there held that an indictment for receiving stolen goods could be presented by the district attorney upon an information charging larceny. See also *Commonwealth v. Ruff,* 92 Pa. Superior Ct. 530, 536.

The killing of Riley was a single act. The circumstances attending it, its justification, and the grade of the crime thus committed, could properly be de-

---

* For some unexplained reason, the relator, notwithstanding the return of the grand jury on the murder bill, was admitted to bail a month later to answer a charge of manslaughter.

termined only upon the trial of the case even though the coroner's inquest "recommended" that the relator be held for manslaughter. The finding of a coroner's jury "is merely advisory to the public authorities charged with the administration of the criminal law. It has been held that a coroner's verdict . . . is merely advisory, . . . notwithstanding the verdict may make it the duty of the coroner to issue a warrant for the arrest of the person suspected . . . ." 13 Am. Jur. 113, §12. Murder and manslaughter are "cognate" to one another and are not "unrelated", murder being a higher grade of felonious homicide than manslaughter, and both being properly joined as counts in a bill of indictment. If the relator was surprised when he found upon arraignment that he was called upon to answer to the graver charge of murder an application for time to prepare to meet it would undoubtedly have been allowed: *Commonwealth v. Carson,* 166 Pa. 179, 183, 30 A. 985; *Commonwealth v. Gouger,* 21 Pa. Superior Ct. 217, 232; *Commonwealth v. Danner,* 79 Pa. Superior Ct. 556, 558, 559.

Order affirmed; costs to be paid by the County of Allegheny.