393 A.2d 1010

COMMONWEALTH of Pennsylvania

v.

Andrew L. EPPS, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Nov. 3, 1978.

58

Herbert L. Floum, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

After a non-jury trial on May 27, 1975, appellant was convicted of robbery [1] and simple assault.[2] Post-verdict motions were denied, and appellant was sentenced to concurrent prison terms of two to five years on the robbery charge and one to two years on the assault charge. Counsel's failure to file a brief resulted in appellant's direct appeal being non-prossed. Appellant subsequently filed a Post Conviction Hearing Act [3] petition which was denied on November 1, 1976. Appellant was, however, granted leave to file a direct appeal nunc pro tunc to this court. Appellant

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 2701.

3. Act of January 25, 1966, P.L. (1965) 1580, § 1, *et seq., as amended* (19 P.S. 1180–1, *et seq., as amended*).

now contends that he was denied effective assistance of counsel because his trial counsel failed to move to quash the indictment for robbery. We disagree and affirm the judgment of sentence.

Facts pertinent to the instant issue are as follows. Appellant, following his attack on a barmaid, was arrested on February 13, 1975, at the Webb Bar in Philadelphia and charged with robbery, aggravated assault,[4] simple assault and terroristic threats.[5] At the preliminary hearing on February 1, 1975, the presiding magistrate, at the request of appellant's attorney, and on the basis of no evidence indicating a taking of money, substituted a charge of attempted robbery for the original robbery charge. Nevertheless, on March 6, 1975, the grand jury returned an indictment of robbery against appellant. Appellant now argues that his due process rights were infringed by the grand jury's returning an indictment of robbery after the charge had been dismissed by the magistrate at the preliminary hearing. Appellant reasons that the Commonwealth's only recourse was to re-arrest the appellant so as to provide him with a new preliminary hearing on the robbery charge. Counsel's failure to move to quash the indictment on this basis consequently constituted ineffective assistance. We find such an argument untenable.

It is established law in Pennsylvania that:

"[W]hen a prosecuting officer is satisfied from his investigations that a higher grade of offense, cognate to the one returned by the committing magistrate, is properly chargeable against a defendant, he may draw the bill accordingly . . . " *Commonwealth ex rel. Tanner v. Ashe,* 365 Pa. 419, 421, 76 A.2d 210, 211 (1950), *quoting Maginnis's Case,* 269 Pa. 186, 195, 112 A. 555, 558 (1921).

Thus, in *Maginnis's Case,* the justice of the peace charged the defendant with simple assault and battery, yet it was held not improper to draw an indictment charging felonious

4. 18 Pa.C.S. § 2702.

5. 18 Pa.C.S. § 2706.

assault and battery, a higher degree of the crime. *See also, Commonwealth v. Ruff,* 92 Pa.Super. 530 (1928).

Similarly, in *Commonwealth v. Danner,* 79 Pa.Super. 556 (1922), this court held it proper for a district attorney to present an indictment for receiving stolen goods upon an information charging larceny. Noting that both offenses were of a cognate nature and part of the same offense, we ruled that "[a]ny crime arising out of the same transaction can be laid in the indictment." *Commonwealth v. Danner, supra,* 79 Pa.Super. at 558.

This is in accord with the view that a defendant should not be required to answer a charge different from and unrelated to the one for which he was arrested and held to bail. *Commonwealth v. Musto,* 348 Pa. 300, 35 A.2d 307 (1944). In the instant case, it is clear that the crime charged in the indictment, robbery, was cognate to, and indeed identical with the charge imposed at the preliminary hearing, attempted robbery. The Crimes Code defines robbery as follows:

> "(1) A person is guilty of robbery if, in the course of committing a theft, he: . . .
>
> (ii) threatens another with or intentionally puts him in fear of serious bodily injury . . . . .

18 Pa.C.S. § 3701(a)(1)(ii).

The indictment for robbery stated, in accord with the statutory language, that on February 13, 1975, appellant "in the course of committing a theft, feloniously did threaten another with or intentionally put him in fear of immediate serious bodily harm." Significantly, however, the statute further provides that:

> "(2) An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft . . . . ."

18 Pa.C.S. § 3701(a)(2).

Thus, by definition, an attempted robbery is not only cognate to a robbery but is, in these circumstances, actually a robbery. The action of the grand jury was, therefore, not improper in returning an indictment of robbery.

Moreover, it is difficult to perceive how appellant's due process rights were infringed by such a procedure. As noted in the lower court's opinion (opinion at 6–7), the notice element of due process was satisfied because attempted robbery is the same grade and degree as the crime of robbery. Appellant's reliance on cases such as *Commonwealth v. Nelson,* 230 Pa.Super. 89, 326 A.2d 598 (1974), and *Riggins Case,* 435 Pa. 321, 254 A.2d 616 (1969), is misplaced. In *Riggins,* the suspect was charged with murder but subsequently discharged at the preliminary hearing on the failure of the Commonwealth to establish a *prima facie* case. Our supreme court ruled that the only alternative for the Commonwealth, when it believes a defendant has been improperly discharged by the committing magistrate, is to have the defendant re-arrested and taken before another magistrate. This, however, is necessary only when all charges have been dismissed and no *prima facie* case established. It does not encompass situations, such as the instant case, in which a *prima facie* case has been established and a cognate crime is substituted in the indictment.

Similarly, if a *prima facie* case has been found on one offense, an indictment may not be had for a separate, non-cognate offense. *See e. g. Commonwealth v. Dunnik,* 204 Pa.Super. 58, 202 A.2d 542 (1964) (a cognate crime may be charged in an indictment, but fornication and bastardy are not cognate to failure to support a child born out of wedlock). Thus, *Commonwealth v. Nelson, supra,* may be distinguished because there, the Commonwealth improperly attempted to indict the suspect on a conspiracy charge when the preliminary hearing established a *prima facie* case for a separate and distinct conspiracy.

Because the indictment was not improper, counsel's attempt to move to quash would have been futile. It is clear that trial counsel cannot be held ineffective for failure to file a futile motion. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Robinson,* 452 Pa. 316, 305 A.2d 354 (1973). This contention is therefore without merit.

The sentence of the lower court is affirmed.

JACOBS, President Judge, and CERCONE, J., concur in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.