620 A.2d 1213

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lee BROWN.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1992.

Filed Feb. 25, 1993.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Robert A. Crisanti, Pittsburgh, for appellee.

Before ROWLEY, President Judge, and DEL SOLE and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing two counts of an information filed against appellee. The Commonwealth appeals. We reverse.

On September 20, 1990, appellee was riding her bicycle in the wrong lane of Miller Avenue, Clairton, Pennsylvania, and traveling in the wrong direction. As the bicycle weaved down the street, appellee struck an automobile whose driver had attempted to avoid her by swerving his vehicle. After the accident, a state police officer observed a strong odor of alcohol on appellee's breath. She consented to a blood alcohol test which revealed a blood alcohol content of 0.29 per cent. She also admitted to the police officer that she had been consuming beer.

Based on this incident, the Commonwealth charged appellee by information with two counts of driving under the influence of alcohol or controlled substances,[1] and with riding on the wrong side of the roadway, a summary offense.[2] Appellee filed a motion to dismiss which the lower court granted on May 17, 1991 as to the DUI charges. She entered a plea of guilty to the summary offense. The Commonwealth filed the instant timely appeal of the May 17, 1991 order, in which it raises the following issue:

> Whether the trial court erred in holding that bicycles are not "vehicles" for purposes of 75 Pa.C.S.A. § 3731, and therefore, that a person cannot be convicted of driving under the influence for operating a bicycle on a public highway while under the influence of alcohol or controlled substances?

Before examining the merits of appellant's contention, we will first set forth our standard of review. The decision to grant or deny a motion to quash an information or indictment "is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of

1. 75 Pa.C.S.A. §§ 3731(a)(1) and (a)(4).
2. *Id.* § 3505.

discretion." *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 439, 422 A.2d 1369, 1373 (1980). *Accord Commonwealth v. Gemelli*, 326 Pa.Super. 388, 474 A.2d 294 (1984).

■ Because this case presents a question of the proper interpretation of a legislative enactment, we will review the relevant rules of statutory construction. The cardinal principle in interpreting legislative enactments is "to ascertain and effectuate the intent of the General Assembly." 1 Pa.C.S.A. § 1921(a). When the words of a statute are clear and free from all ambiguity, the letter of the law is not to be disregarded under the pretext of pursuing its spirit. *Id.* § (b). A court interpreting a statute must ascertain and effectuate the intention of the legislature and give full effect to each provision of the statute if at all possible. *Fireman's Fund Insurance Company v. Nationwide Mutual Insurance Company*, 317 Pa.Super. 497, 464 A.2d 431 (1983). "When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:"

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S.A. § 1921(c).

■ The statute which requires interpretation herein is section 3731 of the Motor Vehicle Code, 75 Pa.C.S.A. § 101 et seq., which provides:

(a) Offense defined.—A person shall not drive, operate or be in actual physical control of the movement of *any vehicle* while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) under the influence of any controlled substance, as defined in the Act of April 14, 1972 (P.L. 233, No. 64), known as "The Controlled Substance, Drug, Device and Cosmetic Act," to a degree which renders the person incapable of safe driving;

(3) under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving; or

(4) the amount of alcohol by weight in the blood of the person is 0.10 percent or greater.

*Id.* § 3731 (emphasis added). The issue presented by this case is whether section 3731 applies to an individual operating a bicycle, as opposed to a motor vehicle.

Keeping in mind the principle that a statute must be construed to give effect to all of its parts, we note the definitions of "vehicle" and "motor vehicle" as set forth in the Vehicle Code. A "vehicle" is defined as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." 75 Pa.C.S.A. § 102. "Motor vehicle" is defined as "[a] vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." *Id.*

Section 3731 prohibits the driving or operating of a "vehicle" while under the influence of alcohol. A bicycle clearly falls within the confines of that definition. It is a "device" upon which a person or property may be "transported or drawn upon a highway," and it is not a device which is "used exclusively upon rails or tracks." *See* § 102, *supra* ("vehicle"). A bicycle is clearly not a motor vehicle as it is a vehicle "which is propelled solely by human power." *Cf. id.* § 102 ("motorcycle," "motor-driven cycle," and "motorized pedalcycle"). However, it is the operators of vehicles, not the operators of motor vehicles, who are regulated under section 3731. Since section 3731 applies to the operators of vehicles, and since the bicycle which appellee was riding falls within the definition of that term, the lower court erred in holding that appellee could not

be prosecuted under section 3731 for operating her bicycle while purportedly under the influence of alcohol.

In dismissing the charges against appellee under section 3731, the lower court delved into the legislative history of the Vehicle Code and determined that the history demonstrated that the operators of bicycles are excluded from regulation under section 3731. This was error. The meaning of the word "vehicle" as set forth in section 3731 is defined within the Vehicle Code. *See* § 102, "vehicle," *supra. Cf.* § 102, "motor vehicle," *supra.* By utilizing the statutory definition, it is possible to eliminate any ambiguity which surrounds the term "vehicle" in section 3731. It is therefore not necessary to consult legislative history to determine the meaning of the term. *See* 1 Pa.C.S.A. § 1921(c) (when words of statute are not explicit, legislative history may be reviewed to determine legislative intent).

Furthermore, the excerpt of legislative history cited by the trial court does not support the interpretation which the lower court adopted. A close examination of that excerpt reveals that section 3731 was not under discussion during that excerpt from the House proceedings. Rather, the legislators were addressing amendments to certain parts of the Vehicle Code relating to the registration of vehicles. *See* House Journal 1976, at 3884–3904. The comments of Mr. Bonetto concerning bicycles must be viewed in that context.

For these reasons, we hold that the lower court abused its discretion in dismissing the charges against appellee under section 3731.

Order reversed; case remanded for further proceedings in accordance with this memorandum; jurisdiction relinquished.

DEL SOLE, J., files a concurring statement.

DEL SOLE, Judge, concurring.

I join the opinion of my distinguished colleague, Judge Cercone. I only wish to point out that the Vehicle Code evidences the Legislature's understanding that the word "vehicle" does include bicycles.

At 75 Pa.C.S.A. § 1101, all vehicles are required to be titled except those exempted in § 1102. There, in subparagraph 7, vehicles "moved solely by human or animal power" are excluded from this requirement. This same limitation also applies to the registration requirements of § 1301 et. sec. These sections demonstrate to me that the members of the General Assembly fully understood that bicycles were included in the definition of "vehicle" when used in § 3731.