J-S33035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL BARONI | |
| Appellant | No. 3198 EDA 2014 |

Appeal from the PCRA Order October 20, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000845-1982

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 24, 2015**

Michael Baroni appeals *pro se* from the trial court's order dismissing, as untimely, his *pro se* petition for habeas corpus *ad subjiciendum*, which the court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

Baroni, an inmate at SCI-Mahoney, was convicted by a jury, on October 6, 1982, of two counts of second-degree murder, one count of arson, and related offenses.[2]  He was sentenced on April 7, 1983, to concurrent life sentences for the murder convictions, plus consecutive terms of imprisonment for the other offenses.  Baroni confessed to authorities that

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Baroni was also convicted of recklessly endangering another person, criminal trespass and criminal attempt.

he set a fire in the basement of an inhabited apartment building. The fire took the lives of a three-month-old girl and her four-year-old sister.

On September 2, 2014, Baroni filed the instant *pro se* "Petition for Habeas Corpus *Ad Subjiciendum*" challenging the unlawful restraint of his liberty, claiming that the sentencing process violated due process because he was never given notice of the specific arson charge for which he was being prosecuted. As a result, he claims that the trial judge lacked the authority to impose an arson sentence upon him and that the Pennsylvania Department of Corrections does not have the right to detain him. The trial court concluded that this petition was within the purview of the PCRA, that there were no genuine issues concerning any material fact, and that no purpose would be served by any further proceedings. Accordingly the court dismissed the petition, as untimely, without a hearing. This timely appeal follows.

On appeal, Baroni presents the following issue for our review: Did the PCRA court abuse its discretion by dismissing defendant's sixth post-conviction relief petition[3] without a hearing?

In its Pa.R.A.P. 1925(a) opinion, the trial court frames the issue raised in Baroni's petition as one where he "alleges that he was denied his right to due process of law because he was not given adequate notice regarding the

---

[3] Baroni filed five PCRA petitions from 1987 to 2012, all of which were denied as either meritless or a untimely.

arson charge prior to trial." Trial Court Opinion, 12/15/14, at 2-3. Baroni's petition claims that his criminal information/bill of indictment "does not specify exactly which criminal offense under 18 Pa.C.S. section 3301 [he] was charged." Writ of Habeus Corpus Ad Subjiciendum, 9/2/14, at 3. Baroni further asserts in his petition that because he was sentenced for arson-related second-degree murder, and only received notice of a general arson charge, that his sentence is void. *Id.*

It has long been held that an indictment or complaint is valid if it charges the commission of any crimes which are cognate to the one laid in the information. *Commonwealth v. Dunnick*, 202 A.2d 542 (Pa. Super. 1964). A cognate offense is a lesser offense that is related to the greater offense because it shares several of the elements of the greater offense and is of the same class or category. *Commonwealth v. Weigle*, 949 A.2d 899 (Pa. Super. 2008), *aff'd by* 997 A.2d 306 (Pa. 2010); *see* Pa.R.Crim.P. 560(B)(5) (information shall be valid and legally sufficient if it contains, among other thing, "a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint.").

In *Commonwealth v. Conaway*, 105 A.3d 755 (Pa. Super. 2014), our Court recently discussed the well-established purpose of an information or an indictment:

> The purpose of an [i]nformation or an [i]ndictment is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act.

> ***Commonwealth v. Ohle***, [] 470 A.2d 61, 73 (Pa. 1983); ***Commonwealth v. Diaz***, [] 383 A.2d 852 (Pa. 1978); ***Commonwealth v. Rolinski***, [] 406 A.2d 763 (Pa. Super. 1979). An [i]ndictment or an [i]nformation is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. ***Commonwealth v. Bell***, [] 516 A.2d 1172, 1177 (Pa. 1986); ***Commonwealth v. Ohle***, [] 470 A.2d 61, 73 (Pa. 1983); ***Russell v. United States***, 369 U.S. 749 [] (1962); [***s***]*ee* Pa.R.Crim.P. 225(b). This may be accomplished through use of the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." ***Hamling v. United States***, 418 U.S. 87 [](1974), quoting, ***United States v. Carll***, 105 U.S. 611, 612 [] ([1881]).

***Id.*** at 764, citing ***Commonwealth v. Alston***, 651 A.2d 1092, 1095-96 (Pa. 1994). Moreover, while the information shall contain "the official or customary citation of the statute and section thereof . . . that the defendant is alleged to have violated[,] . . . the omission of or error in such citation shall not affect the validity or sufficiency of the information." ***Id.*** at (C).

First, we must address a procedural issue, namely whether the trial court properly treated Baroni's petition for habeas corpus relief as one filed under the PCRA. In ***Commonwealth v. Judge***, 916 A.2d 511 (Pa. 2007), our Supreme Court reiterated that:

> [T]he PCRA subsumes all forms of collateral relief, including habeas corpus, to the extent that a remedy is available under such enactment. ***See Peterkin***, 554 Pa. at 552, 722 A.2d at 640. In light of the broad applicability of the traditional writ of habeas corpus, however, in conjunction with the legislative intent to channel post-conviction claims into the PCRA's framework, this Court has acknowledged that the scope of the PCRA cannot be narrowly confined to its specifically enumerated areas of review.

*Id.* at 520. Here, Baroni is not asserting his innocence of the underlying crimes, but rather he claims that the court did not have the authority to impose his arson sentence where he was not on notice with regard to the specific type of arson of which he was being charged. We agree with Baroni that a writ of habeas corpus was the proper vehicle for his illegal detention claim. **See** Pa.R.Crim.P. 108 (habeas corpus venue). However, while Baroni may have utilized the correct avenue to raise his claim, we agree with the trial court that he is not entitled to relief.[4]

Instantly, Baroni's criminal complaint cites the following criminal acts that he allegedly committed:

901 Criminal Attempt (Homicide)

2502 Criminal Homicide

2705 Recklessly Endangering Another Person

**3301 Arson**

3302 Causing or Risking Catastrophe

3304 Criminal Mischief

3502 Burglary

3503 Criminal Trespass

     Defiant Trespass

---

[4] It is well settled that we may affirm the trial court on different grounds. **Commonwealth v. Thompson**, 778 A.2d 1215, 1223 n.6 (Pa. Super. 2001).

Criminal Complaint, 2/11/82 (emphasis added). With regard to the reference to arson in Baroni's criminal information, the document cites 18 P.S. § 3301[5] as the statutory section under which he is being charged. The body of the criminal information, however, provides more detail with regard to the exact circumstances surrounding the arson charge. It states:

> [O]n (or about) January 25, 1982, in said County, Michael Baroni defendant feloniously and intentionally start[ed] a fire or cause[d] an explosion and thereby did recklessly place [the] residents of Alicia Court Apartments in danger of death or bodily injury.
>
> (2) That on the same day and year, in Delaware County, the above named defendant feloniously and intentionally start[ed] a fire or casue[d] an explosion and thereby recklessly did place a building or occupied structure of Robert Viola located at 13 Alicia Court, Darby Township, in danger of damage or destruction.
>
> (3) That, on that same day and year, in Delaware County, the above named defendant feloniously and intentionally did start a fire or cause an explosion and thereby recklessly did place a building or occupied structure of Robert Viola located at 13 Alicia Court, Darby Township, in danger of damage or destruction.
>
> (4) That, on the same day and year in Delaware County, the above named defendant feloniously did start a fire or cause an explosion with intent to destroy[] or damage[e] property of Robert Viola to collect insurance for such loss, contrary to the Act of the General Assembly in such case made and provided, and against the piece [sic] and dignity of the Commonwealth of Pennsylvania.

_____

[5] Baroni's information cites to the version of the arson statute in effect at the time he committed the instant offenses, 18 P.S. § 3301 (Act. No. 334, Dec. 6, 1972 (eff. June 6, 1973)).

Criminal Information, 4/6/82 (emphasis added). The language in the bill of information mirrors the statutory language found in the current arson statute, specifically sub-sections 3301(a)(1)((i), (ii) (arson endangering persons) and 3301(c) (arson endangering property). In fact, the recorded verdict indicates that the jury found Baroni guilty, among other things, of arson – "as to Intent to Endanger Person" and "as to intent to Endanger Property."

After a complete review of the record, we conclude that the criminal information does much more than generally allege the crime of arson. Rather, it specifically lays out Baroni's actions to support the arson charge brought against him. Accordingly, we find that based upon the facts alleged in the information, Baroni was provided with sufficient notice to prepare a defense to the crime of arson. *Conaway*, *supra*; *Alston*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015