J-S23012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TANAYIA BINGHAM, | |
| Appellee | No. 3033 EDA 2016 |

Appeal from the Order September 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006467-2016

BEFORE:  OLSON, SOLANO, and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 21, 2017**

The Commonwealth of Pennsylvania filed an interlocutory appeal from the order entered on September 7, 2016 quashing a robbery charge filed against Tanayia Bingham ("Appellee").[1]  We reverse.

The facts presented at the preliminary hearing are as follows.  At approximately 2:25 p.m. on May 30, 2016, the manager of Sally Beauty Supply observed Appellee and another woman in the store.  The manager recognized the two women from their prior visits to the store.  When the manager asked Appellee if she needed help, an argument ensued and the manager told Appellee that if she continued to behave in that manner she could leave the store.  At that time, the woman Appellee was with told

---

[1] In its notice of appeal, the Commonwealth certified that the order terminated or substantially handicapped the prosecution.  **See** Pa.R.A.P. 311(d).

Appellee "let's go." The women proceeded to leave the store with two flat irons and a curling iron without paying for the items. As the manager followed Appellee and the other woman, Appellee stopped, repeatedly punched the manager in the face, and threated to deploy mace. During this physical altercation, Appellee dropped one of the flat irons. When an employee intervened, Appellee took another flat iron and departed the store.

The procedural history of this case is as follows. On June 16, 2016, the Commonwealth charged Appellee via criminal complaint with robbery,[2] conspiracy,[3] receiving stolen property,[4] making terroristic threats,[5] theft by unlawful taking,[6] simple assault,[7] recklessly endangering another person,[8] and retail theft.[9] On July 5, 2016, a preliminary hearing was held before the Municipal Court of Philadelphia. At the conclusion of that hearing, Appellee was held for court on all charges except conspiracy.

---

[2] 18 Pa.C.S.A. § 3701(a)(1)(iv).

[3] 18 Pa.C.S.A. § 903(c).

[4] 18 Pa.C.S.A. § 3925(a).

[5] 18 Pa.C.S.A. § 2706(a)(1).

[6] 18 Pa.C.S.A. § 3921(a).

[7] 18 Pa.C.S.A. § 2701(a).

[8] 18 Pa.C.S.A. § 2705.

[9] 18 Pa.C.S.A. § 3929(a)(1).

On July 11, 2016, the Commonwealth charged Appellee via criminal information with the seven charges that were held for court. On August 9, 2016, Appellee filed a motion to quash the criminal information. On September 7, 2016, the trial court heard argument on the motion to quash. During argument, Appellee confined her quashal motion to the robbery charge. At the conclusion of the argument, the trial court quashed the robbery charge. This timely appeal followed.[10]

The Commonwealth presents one issue for our review:

Did the [trial] court err in quashing the robbery charge despite sufficient evidence for a *prima facie* case?

Commonwealth's Brief at 4.

In its lone issue, the Commonwealth argues that the trial court erred in quashing the criminal information in this case. A motion to quash a criminal information is the equivalent in Philadelphia County to a pre-trial petition for a writ of *habeas corpus*. **Commonwealth v. Dantzler**, 135 A.3d 1109, 1111 (Pa. Super. 2016) (*en banc*). A motion to quash should be granted when, "examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth[,]" the Commonwealth fails to set forth a *prima facie* case of guilt. **Id.** (citations

_____

[10] On September 26, 2016, the Commonwealth filed a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On October 24, 2016, the trial court issued its Rule 1925(a) opinion. The Commonwealth's lone appellate issue was included in its concise statement.

omitted). "A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." **Commonwealth v. Huggins**, 836 A.2d 862, 866 (Pa. 2003) (citation omitted). "[T]he evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." **Commonwealth v. Karetny**, 880 A.2d 505, 513 (Pa. 2005) (citation omitted).[11]

"A person is guilty of robbery if, in the course of committing a theft, [s]he . . . inflicts bodily injury upon another or threatens another with or intentionally puts [her] in fear of immediate bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(iv). In this case, the evidence presented at the preliminary hearing undisputedly provided probable cause that Appellee committed a theft from Sally Beauty Supply. The two elements in dispute are (1) whether the evidence provided probable cause that Appellee inflicted bodily injury upon the manager or threated the manager with immediate bodily injury and, if so, (2) whether the evidence provided probable cause that Appellee did so during the course of committing the theft.

---

[11] Appellee cites **Commonwealth v. Weigle**, 949 A.2d 899, 902 (Pa. Super. 2008), *aff'd*, 997 A.2d 306 (Pa. 2010), in support of her argument that we should review the trial court's order quashing the criminal information for an abuse of discretion. This portion of **Weigle**, however, was abrogated by **Dantzler**. **See Dantzler**, 135 A.3d at 1112 (citation omitted).

We conclude the evidence presented at the preliminary hearing provided probable cause that Appellee's threat to use mace intentionally put the manager in fear of immediate bodily injury. As this Court recently explained, "[m]ace is a type of pepper spray that is commonly used as a self-defense agent." **Commonwealth v. Chambers**, 2017 WL 900006, *6 (Pa. Super. Mar. 7, 2017) (footnote omitted). Moreover, this Court recognized that, in circumstances similar to those in the case *sub judice*, mace is "an instrument which is likely to cause serious bodily injury." **Id.** at *7 (citation omitted).

Whether an individual is placed in fear of immediate bodily injury is an objective inquiry and the victim's "subjective state of mind during the robbery is not dispositive." **Commonwealth v. Valentine**, 101 A.3d 801, 807 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015) (citation omitted). A reasonable person would fear immediate bodily injury when threatened with mace.[12] Therefore, viewing the evidence in the light most

---

[12] Appellee's second threat similarly put the manager in fear of immediate bodily injury. Specifically, after punching the manager three or four times in the face, Appellee told the manager, "Bitch I'm not done with you yet." N.T., 7/5/16, at 11. A reasonable person would fear immediate bodily injury if a person, who just punching them in the face, used profanity and threatened to inflict more harm.

favorable to the Commonwealth, Appellee's threat to use mace put the manager in fear of immediate bodily injury.[13]

We next turn to whether the evidence provided probable cause that Appellee placed the manager in fear of immediate bodily injury during the course of a theft. "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S.A. § 3701(a)(2). Appellee's argument that the physical altercation occurred after the theft was completed views the evidence in the light most favorable to her. Viewed in the light most favorable to the Commonwealth, the evidence presented at the preliminary hearing showed that Appellee threated to mace the manager while she was fleeing from the theft. Moreover, Appellee made her second threat while taking the last flat iron from the store. Thus, the evidence presented at the preliminary hearing was sufficient to demonstrate probable cause that Appellee committed a robbery and the trial court erred by quashing the criminal information.

---

[13] The Commonwealth argues that it also established a *prima facie* case that Appellee caused bodily injury to the manager when Appellee repeatedly punched the manager in the face. "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. In this case, there was no evidence presented at the preliminary hearing that the manager suffered impairment of physical condition. Moreover, when asked if she suffered any pain as a result of the punches, she responded "No." N.T., 7/5/16, at 14. Therefore, the Commonwealth did not prove a *prima facie* case that Appellee caused bodily injury to the manager.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2017