COMMONWEALTH of Pennsylvania,
Appellant,

v.

Julio C. LEBRON, Appellee.

Superior Court of Pennsylvania.

Argued Aug. 28, 2000.
Filed Nov. 29, 2000.
Reargument Denied Feb. 9, 2001.

Robert W. McAteer, Asst. Dist. Atty., Lebanon, for Com., appellant.

Chuck E. Washburn, Harrisburg, for appellee.

Before DEL SOLE, ORIE MELVIN and MONTEMURO *, JJ.

MONTEMURO, J.:

¶ 1 The Commonwealth appeals from an order of the Court of Common Pleas of Lebanon County granting a motion to quash filed by Appellee, Julio C. Lebron, and dismissing the criminal complaint filed against him. We affirm.

* Retired Justice assigned to Superior Court.

¶ 2 We adopt, in whole, the facts as recited by the trial court:

On December 7, 1998, [Appellee] rented a 1991 Ford Taurus Sedan from E.I. Mease, Inc. (Mease). The vehicle was to be returned on December 10, 1998. [Appellee] drove the car to New York City to visit his son. The vehicle was not returned on December 10, 1998. Thereafter, Mease tried to contact [Appellee] at the address listed on the lease agreement. Mease also mailed a registered letter to [Appellee] at that address. The first notice listed on the envelope is December 21, 1998. The second notice is December 29, 1998. The letter was returned on January 8, 1999, as unclaimed. Mease also sent someone to [Appellee's] address. According to Eugene I. Mease (Mr. Mease), the owner of Mease, someone did answer the door, but [Appellee] was not there and [Appellee] never contacted Mease. However, in late February, Dimas Sanchez (Sanchez), [Appellee's] brother called Mease to inform the company that the vehicle was in New York City. Thereafter, someone from Mease picked up some paperwork from Sanchez's home. Mr. Mease testified he had learned that the vehicle had been in an accident and that the vehicle had been impounded at Carter Brothers Automotive Repairs in Brooklyn, New York on December 8, 1998. On March 2, 1999, approximately two weeks after Sanchez's telephone call, Mease retrieved the vehicle and had it towed back to the company.

On May 2, 1999, [Appellee] was charged with one count of Theft of Leased Property. On May 11, 1999, a preliminary hearing was held before [a district justice]. At the hearing, [Appellee] testified that he had driven the vehicle to New York City and parked it on the corner of Merlin and Park Avenue. He then left with a friend and went to see his son. When [Appellee] returned to where he had left the vehicle, it was no longer there. [Appellee's friend] told him that "a drunk driver had ran (sic) a stop sign and rammed into the back of it and they ended up towing the car. . . ."

When asked why he never notified Mease, he responded that he thought the police would contact Mease about what happened to the car and where it was since it was a drunk driver that hit the car and the car had been parked. Additionally, he stated that he could not contact Mease because the paperwork was in the glove compartment of the car. [Appellee] testified that he became aware that Mease was never contacted when his brother called, informing him that a warrant had been issued for his arrest. At that point, [Appellee] states, he went to the 79th Precinct in New York City and got all the paperwork about where the car was and what happened and mailed the papers to his brother, who then contacted Mease.

(Trial Ct. Op. at 1–2) (footnotes and citations omitted). The district justice bound the case over for trial. (N.T., 5/11/99, at 91). Appellee filed a motion to quash and/or petition for habeas corpus arguing that the Commonwealth did not establish a *prima facie* case that Appellee committed a theft of leased property. The trial court granted the motion and this appeal follows.

■ ¶ 3 Before examining the merits of the Commonwealth's appeal, we first set forth our standard of review. The decision to grant a motion to quash a criminal information or indictment "is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion." *Commonwealth v. Brown*, 423 Pa.Super. 264, 620 A.2d 1213, 1214 (1993) (quoting *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 422 A.2d 1369, 1373 (1980)). Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judg-

ment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. *Commonwealth v. Smith*, 545 Pa. 487, 681 A.2d 1288, 1290 (1996).

¶ 4 With that standard in mind, we address the Commonwealth's argument that the trial court erred by granting Appellee's motion to quash. The Pennsylvania Crimes Code provides:

§ 3932. Theft of leased property

(a) Offense defined.—A person who obtains personal property under an agreement for the lease or rental of the property is guilty of theft if he intentionally deals with the property as his own.

(b) Definition.—As used in this section, a person "deals with the property as his own" if he sells, secretes, destroys, converts to his own use or otherwise disposes of the property.

(c) Presumption.—A person shall be prima facie presumed to have intent if he:

(1) signs the lease or rental agreement with a name other than his own and fails to return the property within the time specified in the agreement; or

(2) fails to return the property to its owner within seven days after a written demand to return the property is delivered by registered or certified mail to the person's last known address.

18 Pa.C.S.A. § 3932. Theft of an automobile is a felony of the third degree. *Id.* at § 3903(a.1). Our research has uncovered no appellate decisions interpreting this statute; thus, this case is one of first impression.

¶ 5 In essence, the Commonwealth contends that it established a *prima facie* case against Appellee at the preliminary hearing by showing that (1) Appellee's failure immediately to inform Mease that the car had been damaged and towed evidenced that he had "secreted" the car; and (2) Mease's delivery of a registered demand letter, albeit returned to Mease unclaimed, after which Appellee did not return the vehicle within seven days, satisfied the intent element of the crime.

■ ¶ 6 Assuming, *arguendo*, that the Commonwealth's first argument is sound and that Appellee's failure to notify Mease after the vehicle was impounded would constitute secreting or disposing of the car, the Commonwealth still failed to show the requisite *mens rea* to sustain the charges against the Appellee. The Commonwealth presented no direct evidence at the preliminary hearing that Appellee had intended to deprive Mease of the vehicle by his actions. Moreover, Appellee testified that he had believed the New York police would notify Mease that the vehicle had been damaged and towed, and, therefore, did not apprise Mease of the car's location. (N.T., 5/11/99, at 67); *see Commonwealth v. Compel*, 236 Pa.Super. 404, 344 A.2d 701, 702–03 (1975) ("A bona fide, reasonable mistake of fact will negative the criminal intent necessary for a conviction of larceny. It is not necessary that the facts be as the actor believed them to be; it is only necessary that he have a bona fide and reasonable belief in the existence of facts which, if they did exist, would render an act innocent.") (citations omitted).

¶ 7 The Commonwealth further argues that a *prima facie* case for intent was shown through the statutory presumption provided in § 3932(c)(2). That subsection provides that when a demand letter is delivered to the defendant's last known address by registered or certified mail, a defendant is *prima facie* presumed to have the requisite intent. However, the statute does not define the word "delivered."

¶ 8 In the instant case, upon the advice of the state police, Mease sent a registered letter to Appellee's home address in Lebanon. (N.T., 5/11/99, at 14). The letter was returned to Mease as unclaimed after two attempts by the post office to deliver it. (*Id.*) Additionally, Appellee testified that he never received the letter or any other notice from Mease requesting the return of the vehicle. (*Id.* at 69). Nevertheless, the Commonwealth contends that the letter was delivered in accordance with the statute.

■ ¶ 9 "The chameleon word 'delivery' as used in law conveys a wide variety of meanings, and the proper scope to be accorded it in a given case depends upon the circumstances in which it has been employed." *Commonwealth v. Chalfant,* 352 Pa. 193, 42 A.2d 587, 588 (1945). When interpreting a provision in a statute, "our overriding concern is to ascertain and effectuate the legislature's intent in enacting the statute." *Hayes v. Mercy Health Corporation,* 559 Pa. 21, 739 A.2d 114, 116 (1999); *see also* 1 Pa.C.S.A. § 1921(a).

> "When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
>
> (1) The occasion and necessity for the statute.
>
> (2) The circumstances under which it was enacted.
>
> (3) The mischief to be remedied.
>
> (4) The object to be attained.
>
> (5) The former law, if any, including other statutes upon the same or similar subjects.
>
> (6) The consequences of a particular interpretation.
>
> (7) The contemporaneous legislative history.

> (8) Legislative and administrative interpretations of such statute."

1 Pa.C.S.A. § 1921(c).

■ ¶ 10 The purpose of the provision at § 3932(c)(2) is to provide a way for the prosecution to go forward with a case, notwithstanding a lack of direct evidence as to the defendant's intent. Thus, the prosecution has the ability to show intent, through circumstantial evidence of a demand by the lessor and inaction by the lessee. The statute mandates that the demand be made by way of "certified or registered mail" and "delivered" to the defendant's "last known address." We believe that the reason for the demand having to be made by registered or certified mail is to assure the courts, when applying this statute, that the defendant did actually receive the demand letter and disregarded it. When, as in the instant case, the demand letter is returned to the sender unclaimed, never having been signed for by the defendant or anyone residing at his/her address, the letter was not delivered in accordance with the statute. Therefore, the evidence of Mease's demand letter to Appellee does not create the presumption of intent as contemplated under § 3932(c)(2).

¶ 11 Because the Commonwealth did not establish a *prima facie* showing of intent at the preliminary hearing, the trial court did not err by granting Appellee's motion to quash.[1]

¶ 12 Order affirmed.

---

1. The lease agreement contained a "No New York Trips" clause providing the basis for a breach of contract claim. However, these facts are not the type on which felony prosecutions are predicated.