J-S51029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MICHAEL ANTHONY MITCHELL | |
| Appellee | No. 241 EDA 2015 |

Appeal from the Order December 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001841-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                          **FILED AUGUST 18, 2015**

The Commonwealth appeals the order entered in the Court of Common Pleas of Philadelphia County, granting Michael Anthony Mitchell's pre-trial motion to quash.  After careful review, we reverse and remand for further proceedings.

The trial court summarized the facts and initial procedural history of this case as follows:

> On January 31, 2014, Philadelphia Police Officers observed [Mitchell] engaging in what they believed to be narcotics transactions while outside of his home.  As a result of these observations, the officers placed [Mitchell] under arrest, obtained a warrant, and searched the home in question.  At the time the warrant was executed, [Mitchell]'s mother and brother were on the first floor of the home, and [Mitchell]'s brother was preparing breakfast.  The officers recovered a gun from the first

_____

[*] Retired Senior Judge assigned to the Superior Court.

floor of the home, where it was in plain view. Officers also searched the second floor of the house, where they discovered narcotics in a common area. [Mitchell]'s bedroom is located on the second floor of the home, [Mitchell] had keys to the home, and other evidence that [Mitchell] does in fact reside in the home was found during the search.

On January 31, 2014, [Mitchell] was arrested and charged with one (1) count [of] manufacture, delivery, or possession with intent to manufacture or deliver; one count [of] intentional possession [of a] controlled substance by person not registered; one count of possession of drug paraphernalia; one (1) count [of] possession [of an] instrument of crime; one (1) count possession of firearm prohibited; and one (1) count conspiracy – manufacture, delivery, or possession with intent to manufacture or deliver.

On February 18, 2014, a preliminary hearing was held in the Philadelphia County Municipal Court, where the above charges were held for court. [Mitchell] filed a motion to quash the charges of possession of a firearm prohibited and possession of an instrument of a crime. This Court granted [Mitchell]'s motion at a hearing held on December 18, 2014.

On January 16, 2015, the Commonwealth filed a notice of appeal, as well as a 1925(b) statement of errors complained of on appeal, questioning whether this court erred "in granting [Mitchell]'s motion to quash weapons charges where the evidence was sufficient to support a *prima facie* case, in that [Mitchell] had a key to the residence where the gun was kept by the front door, he sold drugs in front of the residence, drugs and drug paraphernalia were found inside the residence, and the residence contained work identification and a jury summons with [Mitchell]'s name at that address."

Trial Court Opinion, 3/10/15, at 1-3 (internal citations omitted).

The Commonwealth claims the trial court erred by granting Mitchell's motion to quash because the evidence presented at the preliminary hearing established a *prima facie* case of possession of an instrument of crime

("PIC"),[1] possession of a firearm by a prohibited person,[2] conspiracy,[3] knowing or intentional possession of a controlled substance,[4] and possession of drug paraphernalia.[5]  ***See*** Brief of Appellant, at 4.

Our standard of review of a trial court's order granting a criminal defendant's pre-trial motion to quash is as follows:

> The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion.  Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will.

***Commonwealth v. Lebron***, 765 A.2d 293, 294-95 (Pa. Super. 2000) (internal citations and quotations omitted).

First, we must address whether the trial court erred in dismissing all of the charges against Mitchell with the exception of possession of a controlled substance with the intent to deliver ("PWID").  The motion to quash filed by Mitchell requested the dismissal of only two charges: (1) possession of a firearm prohibited and (2) possession of an instrument of crime ("PIC").  "A

---

[1] 18 Pa.C.S. § 907(a).

[2] 18 Pa.C.S. § 6105.

[3] 18 Pa.C.S. § 903.

[4] 35 P.S. § 780-113(a)(16).

[5] 35 P.S. § 780-113(a)(32).

request to quash an information must ordinarily be made in an omnibus pretrial motion for relief or it is considered waived." Pa.R.Crim.P. 578; *Commonwealth v. Rishel*, 658 A.2d 352, 358 (Pa. Super. 1995). Here, Mitchell did not move to quash the charges of conspiracy, knowing or intentional possession of a controlled substance, or possession of drug paraphernalia, yet the court did so anyway. Accordingly, the trial court erred in *sua sponte* quashing the charges. **See Commonwealth v. Waters**, 418 A.2d 312, 318-19 (Pa. 1980) (finding trial court erred in quashing attempted murder charge *sua sponte*). Therefore, these charges must be reinstated.

The Commonwealth next claims that the court erred in quashing the possession of a firearm prohibited and PIC charges, as it established a *prima facie* case at the preliminary hearing by showing that Mitchell had constructive possession over the gun found in the home. We agree.

The lower court held that the Commonwealth did not provide sufficient evidence to establish a *prima facie* case because it did not prove that Mitchell had actual or constructive possession of the gun. "A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense." *Commonwealth v. Weigle*, 997 A.2d 306, 311 (Pa. 2010), citing *Commonwealth v. Karetny*, 880 A.2d 505, 513 (Pa. 2005).

Here, because the gun was not found on Mitchell's person, the Commonwealth was required to prove that Mitchell had constructive possession over the gun. *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983). To prove constructive possession, the Commonwealth must show that the accused "exercise[d] a conscious dominion over the illegal [contraband.]" *Commonwealth v. Valette*, 613 A.2d 548, 550 (Pa. 1992). Conscious dominion is the "power to control the contraband and the intent to exercise that control." *Id.*, citing *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986).

The trial court found that the Commonwealth did not present a *prima facie* case because "mere presence at the scene where a gun is found is not sufficient to show such possession." Trial Court Opinion, 3/10/15, at 4, citing *Commonwealth v. Boatwright*, 453 A.2d 1058, 1059 (Pa. Super. 1982). However, in *Boatwright*, the appellant was sitting in the front passenger seat of a car with another individual in the driver's seat when an officer saw him move toward the left rear of the car, where a gun was later recovered from the floor of the vehicle. *Id.* at 1058. The Court found that Boatwright did not have constructive possession over the gun because the Commonwealth did not provide sufficient evidence to prove that he had the power or intent to possess the firearm. *Id.* at 1059.

The trial court also concluded that, because the gun was found in a shared, common area of the house, where several individuals could access it, "it is impossible to infer that [Mitchell] meant to control the gun, or even

that he necessarily had the ability to do so." Trial Court Opinion, 3/10/15, at 5. However, the Commonwealth may demonstrate that Mitchell had *joint* constructive possession of the firearm, which means that more than one person can have control and access to the contraband. ***Commonwealth v. Davis***, 480 A.2d 1035, 1045 (Pa. Super. 1984). Joint constructive possession can be inferred from the totality of the circumstances. ***Id.*** For example, in ***Commonwealth v. Macolino***, 469 A.2d 132, (Pa. 1983), the court found that "it was reasonable for the fact-finder to conclude that the appellee maintained a conscious dominion over the cocaine found in the bedroom closet which he shared solely with his wife." ***Id.*** at 136. The Court also noted that the law prohibiting possession of contraband would not make sense if a person could store the contraband in a shared space to avoid prosecution. ***Id.***

Here, the firearm was found in a shared space, in plain view, and was accessible to three adults living in the house. Given the totality of the circumstances, it is reasonable to infer that Mitchell, a resident of the house, had at least joint constructive possession of the firearm. ***Mudrick***, 507 A.2d at 1214 (holding that equal access to cocaine found in plain view could be found by jury to be constructive possession); ***see Commonwealth v. Patterson***, 591 A.2d 1075, 1078 (Pa. Super. 1991) (taking judicial notice that drug dealers in Philadelphia are often armed). The police observed Mitchell dealing drugs outside his home, and saw him enter and exit the property multiple times. The firearm was found on a table directly inside the

doorway to the house. Accordingly, we find that it is reasonable to infer that Mitchell had at least joint constructive possession of the firearm, and that the Commonwealth presented a *prima facie* case to establish the possession of firearms prohibited and PIC charges. Accordingly, the trial court erred in granting Mitchell's motion to quash.

Order reversed. Case remanded for proceedings consistent with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015