J-S56029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVELYN MADISON | : | |
| | : | |
| Appellant | : | No. 1204 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 25, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007337-2018

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 03, 2019**

Appellant, Evelyn Madison, appeals from the judgment of sentence entered on March 25, 2019.  On this direct appeal, Appellant's counsel has filed a petition for leave to withdraw and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  Upon review, we remand with instructions.

The factual background and procedural history of this case are as follows.  On September 25, 2018, Appellant rented a 2018 Volkswagen from Enterprise Rent-A-Car ("Enterprise").  Trial Court Opinion, 6/21/19, at 1.  The agreement, which was signed by Appellant, stated that she was the only authorized driver of the vehicle.  N.T. Trial, 3/21/19, at 8.  Appellant, however, "drove the vehicle from the Enterprise lot and immediately gave it to her

grandson." Trial Court Opinion, 6/21/19, at 1. "The vehicle was due back, after an extension, on October 1, 2018." *Id*.

Appellant failed to return the vehicle on October 1, 2018. *Id*. Thereafter, Enterprise made numerous attempts to contact Appellant to return the vehicle. *Id*. In particular, on October 15, 2018, Enterprise forwarded Appellant a written demand to return the car within seven days, which it sent *via* Federal Express with the return receipt requested. N.T. Trial, 3/21/19, at 39. At trial, Appellant admitted that she signed the demand letter and returned a copy to Enterprise. *Id*. at 61. Nonetheless, Appellant failed to return the vehicle, and as such, a criminal complaint was filed against her on November 7, 2018. Criminal Complaint, 11/7/18, at 1. Finally, "sometime late on November 12, 2018 or in the early morning hours of November 13, 2018[,]," six weeks after the original return deadline, "the vehicle was returned to an Enterprise location in the state of Delaware." Trial Court Opinion, 6/21/19, at 1-2. Upon its return, the vehicle was damaged and Enterprise did not receive any payment for the "six weeks that passed beyond the expiration of the lease agreement." *Id*. at 2.

Appellant's bench trial commenced March 21, 2019. On March 25, 2019, the trial court convicted Appellant of theft of leased property[1] and sentenced

_____

[1] 18 Pa.C.S.A § 3932.

her to one year of probation. N.T. Trial, 3/25/19, at 3-6. On April 23, 2019, counsel timely filed a notice of appeal.[2]

On August 15, 2019, counsel filed an **Anders** brief and a petition to withdraw as counsel.[3] Therefore, before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248–1249 (Pa. Super. 2015) (citation omitted).

"In order to withdraw from appellate representation pursuant to **Anders**, certain procedural and substantive requirements must be met." **Commonwealth v. Tejada**, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must,

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

_____

[2] On April 24, 2019, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). After securing an extension from the trial court, in accordance with Rule 1925(c)(4), Appellant's counsel informed the court that he intended to file an **Anders** brief. For this reason, on June 21, 2019, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), but failed to state its reasons for finding Appellant guilty of theft of leased property.

[3] Appellant has not filed a response to counsel's petition to withdraw or **Anders** brief.

*Id.* at 359. Substantively, counsel must file an ***Anders*** brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

***Commonwealth v. Hankerson***, 118 A.3d 415, 419–420 (Pa. Super. 2015), *quoting* ***Santiago***, 978 A.2d at 361.

In this case, we acknowledge counsel's compliance with ***Anders***' procedural and substantive requirements. "Therefore, we now have the responsibility 'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Tukhi***, 149 A.3d 881, 886 (Pa. Super. 2016), *quoting* ***Flowers***, 113 A.3d at 1248.

Appellant's counsel raises one issue in his ***Anders*** brief:

Whether the evidence was insufficient to sustain the verdict because Appellant's grandson controlled the vehicle after the lease expired and thus[,] Appellant did not intend to deal with the car as if it were hers, and the Enterprise letter was sent *via* Federal Express, not certified or registered mail?

***Anders*** Brief at 4.

Our standard of review regarding the sufficiency of the evidence is as follows:

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence

to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002)

(citations omitted).

Section 3932 of the Crimes Code defines theft of leased property as follows:

(a) **Offense defined**.—A person who obtains personal property under an agreement for the lease or rental of the property is guilty of theft if he intentionally deals with the property as his own.

(b) **Definition**.—As used in this section:

(1) A person "deals with the property as his own" if he sells, secretes, destroys, converts to his own use or otherwise disposes of the property.

(2) A "written demand to return the property is delivered" when it is sent simultaneously by first[-]class mail, evidenced by a certificate of mailing, and by registered or certified mail to the address provided by the lessee.

(c) **Presumption**.—A person shall be *prima facie* presumed to have intent if he:

> (1) signs the lease or rental agreement with a name other than his own and fails to return the property within the time specified in the agreement; or
>
> (2) fails to return the property to its owner within seven days after a written demand to return the property is delivered.
>
> (d) **Exception**.—This section shall not apply to secured transactions as defined in Title 13 (relating to commercial code).

18 Pa.C.S.A § 3932.

Herein, counsel aptly noted that the case "rest[ed] on whether Appellant intended to deal with the car as if it were hers." *Anders* Brief at 7. Previously, in *Commonwealth v. Lebron*, 765 A.2d 293 (Pa. 2000), our Supreme Court interpreted 18 Pa.C.S.A. § 3932 and explained how the Commonwealth may prove that a defendant possessed the requisite intent to be convicted under Section 3932.[4] *Lebron* clarified that there are two alternative methods of proof available.

First, under Section 3932(a), the Commonwealth can demonstrate a defendant's intent through direct evidence if it can show that she "intentionally deal[t] with the property as [her] own." 18 Pa.C.S.A. § 3932(a). To do so, the Commonwealth must prove that the defendant "[sold], secrete[d],

---

[4] *Lebron* is the only reported case interpreting 18 Pa.C.S.A. § 3932. The legislature, however, amended the statute in 2008, after *Lebron*. Notably, the two versions are substantively similar. Indeed, the legislature simply added the following definition to Section 3932(b)(2): A "written demand to return the property is delivered" when it is sent simultaneously by first[-]class mail, evidenced by a certificate of mailing, and by registered or certified mail to the address provided by the lessee. 18 Pa.C.S.A. § 3932(b)(2). Accordingly, our reliance on *Lebron* and its interpretation of the alternate proofs of intent under the statute is proper.

destroy[ed], convert[ed] to [her] own use or otherwise dispose[d] of the property."  18 Pa.C.S.A. § 3932(b).  Second, the Court explained that if there is no direct evidence available, "the prosecution [can] show intent[] through circumstantial evidence."  **Lebron**, 765 A.2d at 295.  To do so, it must rely on the presumptions set forth in Section 3932(c)(1) (explaining that a presumption of intent arises when an individual signs an agreement with "a name other than [her] own" and fails to return the property) or Section 3932(c)(2) (explaining that a presumption of intent arises when an individual fails to return the property within seven days of the owner making a written demand to return it).  **Id.** at 295-296.

Notably, the Court in **Lebron** addressed the requirements of Section 3932(c)(2).  Specifically, the Supreme Court explained that, for the presumption to apply, there must be strict statutory compliance.  Per the Court, the statute "mandates" that a demand letter be delivered "by way of 'certified or registered mail.'"  **Id.** at 296.  If this occurs, "a defendant is *prima facie* presumed to have the requisite intent."  **Id.** at 295.  If, however, the demand letter is "not delivered in accordance with the statute," *i.e.*, it is not sent *via* "certified or registered mail," the presumption is inapplicable.  **Id.** at 296.

After careful review of the certified record, we are unable to determine whether this appeal is wholly frivolous.  Herein, after Appellant's counsel indicated that he planned to file an **Anders** brief, the trial court provided no explanation of why it found Appellant guilty of theft of leased property.  **See**

- 7 -

Trial Court Opinion, 6/21/19, at 1-2. More specifically, it is unclear whether the court concluded that Appellant possessed the requisite intent because she "intentionally deal[t] with the property as [her] own" pursuant to Section 3932(a), or because it found that the presumption of intent applied under Section 3932(c)(2).[5] 18 Pa.C.S.A § 3932. If, upon hearing the evidence, the trial court made a credibility determination and found direct evidence of Appellant's intent, we would conclude that the current appeal is wholly frivolous because "the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide." **Commonwealth v. Forrey**, 108 A.3d 895, 897 (Pa. Super. 2015). If, however, the trial court determined that the presumption under Section 3932(c)(2) applied, this appeal would be non-frivolous since the written demand sent by Enterprise did not adhere to the statutory requirements.[6] Accordingly, we remand to allow the trial court

---

[5] Appellant signed her own name on the Enterprise agreement. N.T. Trial, 3/21/19, at 8. Therefore, Section 3932(c)(1) is inapplicable.

[6] As mentioned above, our Supreme Court in **Lebron** made clear that the failure to comply with the statutory requirements of Section 3932(c)(2) will prevent a *prima facie* presumption of intent from arising. **See Lebron**, 765 A.2d at 295-296. Pursuant to Section 3932(b)(2), Enterprise was required to send two demand letters, one "by first[-]class mail, evidenced by a certificate of mailing" and another "by registered or certified mail to the address provided by the lessee." 18 Pa.C.S.A. § 3932(b)(2). Enterprise sent only a single demand letter *via* Federal Express. Thus, it did not follow the requirements set forth in Section 3932(b)(2). Counsel, however, argued in his **Anders** brief, that "the legislature intended to get actual notice to a lessee before criminal action is taken" and, because Appellant admitted to receiving such notice, "[t]his was accomplished." **Anders** Brief at 8. We cannot agree. Indeed, the legislature amended Section 3932, effective December 8, 2008,

to prepare a supplemental opinion setting forth its reasons for finding Appellant guilty of theft of leased property. Said supplemental opinion shall be filed within 45 days of the date of this memorandum.

Case remanded. Jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/3/19

---

and explicitly defined the requirements for a written demand. 18 Pa.C.S.A. § 3932. In doing so, it added that, in addition to registered or certified mail, a demand letter must be sent "by first[-]class mail, evidenced by a certificate of mailing." 18 Pa.C.S.A. § 3932(b)(2). This negates counsel's contention that notice was the sole intent of the legislature. Because Enterprise sent only a single demand letter *via* Federal Express, it wholly failed to comply with the requirements of Section 3932(b)(2). Therefore, the presumption of intent under Section 3932(c)(2) is inapplicable.