J-S56029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :         PENNSYLVANIA
                           :
           v.                :
                           :
                           :
EVELYN MADISON                :
                           :
           Appellant         :   No. 1204 EDA 2019

Appeal from the Judgment of Sentence Entered March 25, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007337-2018

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:          **FILED JANUARY 14, 2020**

Appellant, Evelyn Madison, appeals from the judgment of sentence entered on March 25, 2019. On this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The factual background and procedural history of this case are as follows. On September 25, 2018, Appellant rented a 2018 Volkswagen from Enterprise Rent-A-Car ("Enterprise"). Trial Court Opinion, 6/21/19, at 1. The agreement, which was signed by Appellant, stated that she was the only

authorized driver of the vehicle. N.T. Trial, 3/21/19, at 8. Appellant, however, "drove the vehicle from the Enterprise lot and immediately gave it to her grandson." Trial Court Opinion, 6/21/19, at 1. "The vehicle was due back, after an extension, on October 1, 2018." *Id.*

Appellant failed to return the vehicle on October 1, 2018. *Id.* Thereafter, Enterprise made numerous attempts to contact Appellant to return the vehicle. *Id.* In particular, on October 15, 2018, Enterprise forwarded Appellant a written demand to return the car within seven days, which it sent *via* Federal Express with a return receipt requested. N.T. Trial, 3/21/19, at 39. At trial, Appellant admitted that she signed the demand letter and returned a copy to Enterprise. *Id.* at 61. Nonetheless, Appellant failed to return the vehicle, and as such, a criminal complaint was filed against her on November 7, 2018. Criminal Complaint, 11/7/18, at 1. Finally, "sometime late on November 12, 2018 or in the early morning hours of November 13, 2018[,]," six weeks after the original return deadline, "the vehicle was returned to an Enterprise location in the state of Delaware." Trial Court Opinion, 6/21/19, at 1-2. Upon its return, the vehicle was damaged and Enterprise did not receive any payment for the "six weeks that passed beyond the expiration of the lease agreement." *Id.* at 2.

Appellant's bench trial commenced on March 21, 2019. On March 25, 2019, the trial court convicted Appellant of theft of leased property[1] and sentenced her to one year of probation. N.T. Trial, 3/25/19, at 3-6. On April 23, 2019, counsel timely filed a notice of appeal.[2]

On August 15, 2019, counsel filed with this Court an **Anders** brief and a petition to withdraw as counsel.[3] As such, we proceeded in our review of counsel's **Anders** brief, as well as the certified record. This Court, however, was unable to determine whether the appeal was wholly frivolous because the trial court failed to state its reasons for finding Appellant guilty of theft of leased property in its 1925(a) opinion. Accordingly, on December 3, 2019, we remanded the case to allow the trial court to prepare a supplemental opinion.[4] On December 10, 2019, the trial court complied with our request

---

[1] 18 Pa.C.S.A § 3932.

[2] On April 24, 2019, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). After securing an extension from the trial court, in accordance with Rule 1925(c)(4), Appellant's counsel informed the court that he intended to file an **Anders** brief. On June 21, 2019, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[3] Appellant did not file a response to counsel's petition to withdraw or to the **Anders** brief.

[4] On remand, we explained that if the trial court determined that the presumption under 18 Pa.C.S.A § 3932(c)(2) applied, this appeal would be non-frivolous. In doing so, we relied upon our Supreme Court's decision in **Commonwealth v. Lebron**, 765 A.2d 293 (Pa. 2000), which is the only reported case interpreting 18 Pa.C.S.A. § 3932. The Supreme Court in **Lebron** made clear that the failure to comply with the statutory requirements

and issued a supplemental opinion.  Hence, we now proceed in our analysis of whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel.  *See Commonwealth v. Flowers*, 113 A.3d 1246, 1248–1249 (Pa. Super. 2015) (citation omitted).

"In order to withdraw from appellate representation pursuant to *Anders*, certain procedural and substantive requirements must be met." *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must,

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 359.  Substantively, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth

---

of Section 3932(c)(2) will prevent a *prima facie* presumption of intent from arising.  **See *id*.** at 295-296.  Thus, to raise a legal presumption of intent pursuant to Section 3932(b)(2), the Commonwealth needed to show that Enterprise sent two demand letters, one "by first[-]class mail, evidenced by a certificate of mailing" and another "by registered or certified mail to the address provided by the lessee."  18 Pa.C.S.A. § 3932(b)(2).  Enterprise, however, sent only a single demand letter *via* Federal Express and as such, did not meet the requirements set forth in Section 3932(b)(2).  Nonetheless, as the trial court did not rely on the Section 3932(b)(2)'s presumption, we conclude that this appeal is wholly frivolous.  **See** Trial Court Opinion, 12/10/19, at 2.

counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419–420 (Pa. Super. 2015), *quoting Santiago*, 978 A.2d at 361.

In this case, we acknowledge counsel's compliance with *Anders*' procedural and substantive requirements. "Therefore, we now have the responsibility 'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa. Super. 2016), *quoting Flowers*, 113 A.3d at 1248.

Appellant's counsel raises one issue in his *Anders* brief:

Whether the evidence was insufficient to sustain the verdict because Appellant's grandson controlled the vehicle after the lease expired and thus[,] Appellant did not intend to deal with the car as if it were hers, and the Enterprise letter was sent *via* Federal Express, not certified or registered mail?

*Anders* Brief at 4.

Our standard of review regarding the sufficiency of the evidence is as follows:

The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no

- 5 -

probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002)

(citations omitted).

Section 3932 of the Crimes Code defines theft of leased property as follows:

(a) **Offense defined**.—A person who obtains personal property under an agreement for the lease or rental of the property is guilty of theft if he intentionally deals with the property as his own.

(b) **Definition**.—As used in this section:

(1) A person "deals with the property as his own" if he sells, secretes, destroys, converts to his own use or otherwise disposes of the property.

(2) A "written demand to return the property is delivered" when it is sent simultaneously by first[-]class mail, evidenced by a certificate of mailing, and by registered or certified mail to the address provided by the lessee.

(c) **Presumption**.—A person shall be *prima facie* presumed to have intent if he:

(1) signs the lease or rental agreement with a name other than his own and fails to return the property within the time specified in the agreement; or

(2) fails to return the property to its owner within seven days after a written demand to return the property is delivered.

(d) **Exception**.—This section shall not apply to secured transactions as defined in Title 13 (relating to commercial code).

18 Pa.C.S.A § 3932.

Herein, counsel aptly noted that the case "rest[ed] on whether Appellant intended to deal with the car as if it were hers." *Anders* Brief at 7. Previously, in *Commonwealth v. Lebron*, 765 A.2d 293 (Pa. 2000), our Supreme Court interpreted 18 Pa.C.S.A. § 3932 and explained how the Commonwealth may prove that a defendant possessed the requisite intent to sustain a conviction under Section 3932.[5] *Lebron* clarified that there are two alternative methods of proof available.

First, under Section 3932(a), the Commonwealth can demonstrate a defendant's intent through direct evidence if it can show that she "intentionally deal[t] with the property as [her] own." 18 Pa.C.S.A. § 3932(a). To do so, the Commonwealth must prove that the defendant "[sold], secrete[d], destroy[ed], convert[ed] to [her] own use or otherwise dispose[d] of the property." 18 Pa.C.S.A. § 3932(b). Second, the Court explained that if there is no direct evidence available, "the prosecution [can] show intent[] through circumstantial evidence." *Lebron*, 765 A.2d at 295. To do so, it must rely on the presumptions set forth in Section 3932(c)(1) (explaining that a

_____

[5] In 2008, following the Supreme Court's decision in *Lebron*, the legislature amended 18 Pa.C.S.A § 3932. The two versions, however, are substantively similar. Indeed, the legislature simply added the following definition to Section 3932(b)(2): "A written demand to return the property is delivered when it is sent simultaneously by first[-]class mail, evidenced by a certificate of mailing, and by registered or certified mail to the address provided by the lessee." 18 Pa.C.S.A. § 3932(b)(2). Accordingly, our reliance on *Lebron* and its interpretation of the alternate proofs of intent under the statute is proper, notwithstanding the subsequent amendment of the statute.

presumption of intent arises when an individual signs an agreement with "a name other than [her] own" and fails to return the property) or Section 3932(c)(2) (explaining that a presumption of intent arises when an individual fails to return the property within seven days of the owner making a written demand to return it). *Id.* at 295-296.

Herein, the Commonwealth presented evidence that, pursuant to the rental agreement with Enterprise, Appellant was the only authorized driver of the vehicle. N.T. Trial, 3/21/19, at 8. Indeed, Anai Daniels, an Enterprise management trainee, specifically told Appellant that "if an additional driver was to be authorized[,] that person's driver's license and major credit card" would be required. Trial Court Opinion, 12/10/19, at 3; *see also* N.T. Trial, 3/21/19, at 11. Appellant, however, admitted to driving the "vehicle from the Enterprise lot" and then, "immediately [giving] it to her grandson," and "never [driving] the vehicle again." Trial Court Opinion, 12/10/19, at 3. In addition, Appellant failed to return the vehicle until six weeks after the original return date. Trial Court Opinion, 12/10/19, at 3. Thus, the aforementioned evidence, when viewed in the light most favorable to the Commonwealth, demonstrates that Appellant intentionally dealt with the vehicle as her own. *See* 18 Pa.C.S.A. § 3932(a). We, therefore, conclude that the evidence was sufficient to convict Appellant of theft of leased property, and as such, discern that a challenge to the sufficiency of evidence in this case would be frivolous.

Additionally, we conducted an independent review of the entire record as required by ***Anders*** and did not discern any other potentially non-frivolous issues.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/20