J-S30031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BIANCA LOUISE JOHNSON | : | |
| | : | |
| Appellant | : | No. 356 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 22, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004019-2020

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: JANUARY 14, 2022**

Appellant, Bianca Louise Johnson, appeals from the judgment of sentence imposed following her conviction of theft of leased property.[1]  We affirm.

The trial court set forth the following factual background based upon the evidence presented at the February 22, 2021 non-jury trial:

> On June 23, 2020, [Appellant] rented a 2019 Jeep Sahara (hereinafter "the vehicle" or "rental vehicle") from Barbush Rentals, doing business as Avis, at the Harrisburg International Airport.  [Appellant] signed a rental agreement for the vehicle from June 23, 2020 to June 30, 2020 and declined additional coverages.  She provided her driver's license and credit card to verify her identity and was the only authorized driver on the agreement.  The vehicle was not returned on June 30, 2020.  John Patterson (hereinafter "Mr. Patterson"), the director of operations

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3932(a).

for Barbush Rentals, testified that when he learned that the vehicle was not returned, he requested the records office to send a letter of demand to [Appellant]. The demand letter states when the rental vehicle was due and the timeframe that the individual has to return the vehicle before it is reported to the police as stolen. On or about July 10, 2020, demand letters were sent to [Appellant] via certified and first-class mail. Neither were returned to sender. However, Mr. Patterson testified that the information he had from the post office stated that the certified letter had been attempted to be delivered twice. Further, [Appellant] did not call or attempt to extend the rental.

On or about August 19, 2020, Mr. Patterson received a phone call that notified him that the rental vehicle was abandoned at a business on Jonestown Road in Harrisburg. Once it was recovered, the vehicle was turned over to the claims adjuster who determined that the vehicle was undriveable. There was damage to the front bumper, hood, fender, wheel, quarter panel, rear lights, lamps, rear bumper, tires, and needed a transmission replacement. The estimated cost to repair the damages to the. vehicle was $11,717.73. The total amount of rental fees from June 23, 2020 to August 19, 2020 was $4,356.

[Appellant] testified that she rented the vehicle with her boyfriend to go on a short vacation to Atlantic City, New Jersey. They stayed in Atlantic City for three (3) nights and four (4) days, arriving back in the Harrisburg area before the rental period expired. Instead of returning the vehicle, [Appellant] allowed her boyfriend to take possession of and drive it as she had her own vehicle. When it came time to return the vehicle, [Appellant] called her boyfriend to inform him that the vehicle needed to be returned. During that phone call, [Appellant] learned that her boyfriend had been in [an] accident in the rental vehicle.

Instead of having her boyfriend return the damaged vehicle, [Appellant] testified that she believed her boyfriend was going to have it repaired before returning it. [Appellant] did not call Avis to extend the rental period nor to report that the vehicle had been in an accident. Subsequently, [Appellant] received a phone call from her boyfriend stating that the rental vehicle was broken down on the side of road. He explained that he had taken it to get an oil change and the shop had improperly replaced the oil cap which caused the vehicle to become undriveable. [Appellant] told him to leave the keys in the vehicle and that she would take care of it.

Thereafter, [Appellant] met up with her boyfriend [at] his residence where he allegedly physically assaulted her. The next day, [Appellant] flew to South Carolina where she currently resides. Upon landing in South Carolina, [Appellant] called Avis and informed them of where the vehicle could be located and that the key was in the vehicle. Approximately three (3) days later, [Appellant] saw that Avis had attempted to charge her credit card in the amount of $4,356 which she assumed was the cost to cover the damage to the vehicle.

Trial Court Opinion, 5/12/21, at 2-4 (record citations and footnote omitted).

At the conclusion of trial, the trial court found Appellant guilty of theft of leased property and sentenced her to 12 months of probation, imposed a $100 fine, and ordered her to pay $16,762.12 in restitution to Barbush Rentals. The trial court also authorized transfer of her probationary supervision to Dorchester County, South Carolina where she was then living. Appellant filed a timely post-sentence motion, which the trial court denied on March 15, 2021. Appellant thereafter filed a timely appeal.[2]

Appellant presents the following issues for our review:

1. Whether Commonwealth provided sufficient evidence to establish the presumption of intent?

2. Whether the Commonwealth provided sufficient evidence of [Appellant's] intent to sustain the charge of theft of leased property?

3. Whether the trial court's finding that [Appellant] had the requisite intent to steal the rental vehicle was shocking and an abuse of discretion, as the testimony of [Appellant], which negated her intent to steal the rental vehicle, outweighed any inference of intent[?]

_____

[2] Appellant filed her concise statement of errors complained of on appeal on April 19, 2021, and the trial court filed its opinion on May 12, 2021.

Appellant's Brief at 4 (emphasis and suggested answers omitted).

Appellant's first two issues relate to the sufficiency of the evidence of her conviction. A challenge to the sufficiency of the evidence presents a question of law and is subject to plenary review under a *de novo* standard. ***Commonwealth v. Smith***, 234 A.3d 576, 581 (Pa. 2020). When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Id.*** "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Commonwealth v. Wallace***, 244 A.3d 1261, 1274 (Pa. Super. 2021) (citation omitted). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Id.*** (citation omitted). Finally, we note that the trier of fact has the authority to determine the weight of the evidence and credibility of the witnesses and is free to believe all, part, or none of the evidence. ***Id.***

The theft of leased property statute, Section 3932 of the Crimes Code, provides, in relevant part as follows:

> **(a) Offense defined.**--A person who obtains personal property under an agreement for the lease or rental of the property is guilty of theft if he intentionally deals with the property as his own.
>
> **(b) Definition.**--As used in this section:

(1) A person "**deals with the property as his own**" if he sells, secretes, destroys, converts to his own use or otherwise disposes of the property.

(2) A "**written demand to return the property is delivered**" when it is sent simultaneously by first class mail, evidenced by a certificate of mailing, and by registered or certified mail to the address provided by the lessee.

**(c) Presumption.**--A person shall be prima facie presumed to have intent if he:

(1) signs the lease or rental agreement with a name other than his own and fails to return the property within the time specified in the agreement; or

(2) fails to return the property to its owner within seven days after a written demand to return the property is delivered.

18 Pa.C.S. § 3932(a)-(c).

Under the statute, the Commonwealth must prove that the defendant "deals with [leased] property as his own" and that he does so "intentionally." 18 Pa.C.S. § 3932(a). The statute provides that a defendant "'deals with the property as his own' if he sells, secretes, destroys, converts to his own use or otherwise disposes of the property." 18 Pa.C.S. § 3932(b)(1). While the statute provides that the Commonwealth may prove the defendant's *mens rea* directly, the Commonwealth may also establish the defendant's intent through the operation of one of two statutory presumptions. 18 Pa.C.S. § 3932(c); *see also Commonwealth v. Lebron*, 765 A.2d 293, 294-95 (Pa. Super. 2000) (providing that the Commonwealth may prove a defendant's intent through direct evidence or through the statutory presumptions). Relevant here, intent may be presumed where it shown that the defendant "fails to

return the property to its owner within seven days after a written demand to return the property is delivered." 18 Pa.C.S. § 3932(c)(2). A written demand letter is considered as "delivered" under the statute where "when it is sent simultaneously by first class mail, evidenced by a certificate of mailing, and by registered or certified mail to the address provided by the" defendant. 18 Pa.C.S. § 3932(b)(2).

In his first issue, Appellant argues that there was insufficient evidence to support the trial court's finding that the Commonwealth was entitled to a presumption of intent under Section 3932. Appellant contends that the Commonwealth could not avail itself of the presumption as it only submitted a copy of the demand letter itself and did not submit evidence to show the required methods of delivery, including a copy of the certificate of mailing and a copy of the receipt showing that the letter was also sent by registered or certified mail. Appellant argues that "the clear and unambiguous language of" Section 3932 demands that proof of mailing is shown by documentary evidence before the presumption attaches. Appellant's Brief at 12.

Second, Appellant argues that, without the benefit of the presumption, the Commonwealth did not prove that Appellant "intentionally deal[t] with [the vehicle] as [her] own" by showing that she "s[old], secrete[d], destroy[ed], convert[ed] to [her] own use or otherwise dispose[d] of the [vehicle]." 18 Pa.C.S. § 3932(a), (b)(1). Appellant argues that there was no evidence that she converted the vehicle or otherwise dealt with it as her own. Appellant relies on our decision in *Lebron*, the only published decision

interpreting the theft of leased property statute, wherein this Court held that the Commonwealth had not met its burden at a preliminary hearing of demonstrating prima facie evidence of a violation of the statute. Appellant argues that our analysis in **Lebron** supports a finding that the evidence here was insufficient because the vehicle here was recovered by the lessor in similar circumstances but in shorter of a time period as compared to **Lebron**.

Addressing Appellant's sufficiency challenge in its Pa.R.A.P. 1925(a) opinion, the trial court concluded that the evidence was sufficient to support Appellant's conviction whether the presumption of intent was given effect or not. The court stated that the statutory presumption of intent requires only that the lessor **sent** a written demand letter by first class mail and either registered or certified mail but that proof of actual **delivery** is not required. Trial Court Opinion, 5/12/21, at 8-9. The court noted Mr. Patterson's testimony that, following Appellant's failure to return the vehicle on the date provided in the rental agreement, Barbush Rentals sent a letter to Appellant's address provided in the agreement demanding the vehicle's return. **Id.** at 9; N.T., 2/22/21, at 10. This letter was submitted into the evidence, and Mr. Patterson further testified that the letter was sent via first class mail and certified mail and the letter was not returned as undeliverable. N.T., 2/22/21, at 10-11; Commonwealth Exhibit 3. On the basis of this evidence, the trial court applied the statutory presumption that Appellant acted intentionally in dealing with the vehicle as her own. Trial Court Opinion, 5/12/21, at 9.

The trial court further explained that "[n]otwithstanding the presumption, [] the Commonwealth presented sufficient evidence to prove Appellant possessed the requisite *mens rea* beyond a reasonable doubt." **Id.** at 9. The court explained as follows:

> Appellant was the only authorized driver on the rental agreement and admitted that she permitted her boyfriend to take possession of and drive the vehicle before the rental period expired. She further admitted that she did not contact [Barbush Rentals, doing business as] Avis[,] to extend the rental period or notify them of the damage when she first learned of the accident. Further, when her boyfriend subsequently called to say the vehicle was undriveable, Appellant told him to leave the keys in the car and that she would take care of it.
>
> As this [c]ourt articulated at the conclusion of the bench trial, "[w]hen you wreck it, change the oil on it, don't disclose the accident, don't tell the owner what's going on with their car, that's not just not returning a leased car on time. That's treating the vehicle as their own as opposed to it being a leased vehicle." [N.T., 2/22/21, at 53]. Accordingly, we find that the evidence submitted at the bench trial, together with all reasonable inferences derived therefrom, was sufficient to sustain the conviction of theft of leased property.

**Id.**

Upon review, we agree with the trial court that Appellant's intent to deal with the rental vehicle as her own was established beyond a reasonable doubt at trial and we therefore do not rely on the statutory presumption of intent. As was made clear at trial, Appellant was the sole party on the vehicle rental agreement, but she decided to allow her boyfriend to continue using the vehicle after their trip to Atlantic City even though he was not an authorized driver on the rental agreement. N.T., 2/22/21, at 6-9, 34-35, 46. Upon the

expiration of the rental contract term, Appellant asked her boyfriend to return the car, but he told her that the vehicle had been damaged in an accident; Appellant then chose not to call Barbush Rentals but instead authorized him to attempt to repair the vehicle himself. *Id.* at 37-39, 40-41, 47-48. At some point later, Appellant's boyfriend informed her that the vehicle was undriveable due to a faulty oil change; while Appellant told her boyfriend to leave the vehicle by the side of the road with the keys inside and that she would take care of it, she did not immediately call the rental company but instead waited several days until she had traveled to South Carolina. *Id.* at 41-43, 48-49. Appellant thus made no effort to contact the rental company about the vehicle's condition until well over a month past the date the vehicle was to be returned. *Id.* at 48-49.

While Appellant tries to find support from *Lebron*, we find the comparison to our earlier decision to be inapt. In *Lebron*, the defendant returned to the intersection where he parked his rented car in New York City and discovered that it had been struck by a drunk driver and towed by authorities. 765 A.2d at 294. The defendant testified at his preliminary hearing that he believed that the police would contact the rental company to report the accident and, in any event, he did not have the company's telephone number as his rental paperwork was locked in the vehicle's glove box. *Id.* The trial court dismissed the charges, and this Court affirmed the dismissal on the basis that the Commonwealth had presented no evidence

that the defendant had intended to deprive the rental company of their vehicle. *Id.* at 294-95.

Here, by contrast, there is ample evidence to show that Appellant took intentional steps to treat the rental vehicle as her own by deciding to allow her boyfriend to keep the vehicle for his use after the expiration of the rental agreement and permitting him to have the vehicle repaired himself when it was in an accident. Appellant continued to keep Barbush Rentals in the dark about the status and whereabouts of the vehicle for well over a month following the expiration of the rental agreement. Moreover, unlike *Lebron*, there is no indication that Appellant lacked the contact information for the rental company as she ultimately reported the location of the vehicle to roadside assistance after she had moved to South Carolina. Accordingly, we conclude that Appellant is not entitled to relief on her first two issues challenging the sufficiency of the evidence of her theft of leased property conviction.[3]

_____

[3] In so ruling that the evidence proved Appellant's guilt of theft of leased property without the benefit of the statutory presumption of intent following the lessor's mailing of a written demand letter, we do not address Appellant's first argument that Section 3932 requires the submission of documentary evidence of the method of delivery before the presumption attaches. We note that in *Lebron*, this Court held that the presumption does not apply where the demand letter is returned to sender as undeliverable. 765 A.2d at 296. However, after *Lebron*, the General Assembly amended the statutory language relating to the demand letter presumption, providing that the letter is considered as "delivered" when "when it is sent simultaneously by first class mail, evidenced by a certificate of mailing, and by registered or certified mail to the address provided by the lessee." 18 Pa.C.S. § 3932(b)(2), as amended
*(Footnote Continued Next Page)*

In her final issue, Appellant argues that the verdict was against the weight of the evidence based upon her testimony that her boyfriend was the individual who caused the damage to the vehicle and promised to fix it, that it was her first time renting a car and she "freaked out" when she found out about the damage, and that she always intended to return the vehicle when it was repaired. N.T., 2/22/21, at 37-41, 45. Appellant also notes her testimony at trial that when she ultimately confronted her boyfriend after discovering that the vehicle was undriveable, her boyfriend physically assaulted her, which led to her decision to immediately fly to South Carolina to live with her parents. *Id.* at 42-43.[4]

---

by Act of Oct. 9, 2008, P.L. 1403, No. 111, § 1. Following the amendment, this Court has not had occasion to interpret the proof necessary to substantiate this presumption.

[4] Within the context of her weight-of-the-evidence claim, Appellant also asserts that the trial court's verdict violated Article I, Section 16 of the Pennsylvania Constitution, which generally prohibits imprisonment based on an individual's status as a debtor. *See* Pa. Const. Art. I, § 16 ("The person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law."); *Commonwealth v. Mutnik*, 406 A.2d 516, 518-19 (Pa. 1979). This issue was not raised in Appellant's Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and is therefore waived. *See Commonwealth v. Proctor*, 156 A.3d 261, 267 (Pa. Super. 2017). Moreover, even if not waived, we would not find merit in Appellant's constitutional argument as a sentence of incarceration was not imposed upon her and there appears to be no support for the application of Article I, Section 16 in the context of a criminal conviction. *See Mutnik*, 406 A.2d at 519 (holding that Article I, Section 16 related only to civil punishment for debt and does not bar a defendant's imprisonment following conviction of passing a bad check).

We are guided by the following principles when reviewing a claim that a verdict is against the weight of the evidence. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses." *Commonwealth v. Clemens*, 242 A.3d 659, 667 (Pa. Super. 2020) (citation omitted). A verdict will only be reversed as against the weight of the evidence where the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Akhmedov*, 216 A.3d 307, 326 (Pa. Super. 2019) (*en banc*) (citation omitted). The fact-finder is charged with the responsibility to resolve contradictory testimony and questions of credibility, and we may not substitute our judgment in place of the fact-finder. *Commonwealth v. Cramer*, 195 A.3d 594, 600 (Pa. Super. 2018).

A motion for a new trial based on a weight-of-the-evidence claim is addressed to the discretion of the trial court, and therefore we review only the lower court's exercise of discretion and not the underlying question of whether the verdict is against the weight of the evidence. *Wallace*, 244 A.3d at 1276. When reviewing a trial court's determination on a weight claim, we give the "gravest consideration to the findings and reasons advanced by the trial judge" because it is the trial judge, not the appellate court, that had the opportunity to see and hear the evidence presented. *Id.* (citation omitted).

The trial court addressed Appellant's weight-of-the-evidence claim as follows:

> In the present case, the weight of the evidence supports the conviction. Appellant rented a vehicle from Avis, did not return the vehicle when it was due, allowed her boyfriend to take possession of and drive the vehicle, did not disclose that the vehicle had been in [an] accident when she was informed by her boyfriend, permitted her boyfriend to keep the vehicle to fix any damage caused by the accident, and then when the vehicle became undriveable, told her boyfriend to leave the keys in the car and she would take care of it. Appellant's own testimony establishes the requisite intent to deal with the rental vehicle as her own. Therefore, this [c]ourt did not err in denying Appellant's post-sentence motion for a new trial based on a challenge to the weight of the evidence.

Trial Court Opinion, 5/12/21, at 10.

We discern no abuse of discretion in the trial court's determination that the verdict was not so tenuous, vague, and uncertain to shock the court's conscience. As the trial court explained, Appellant's conviction was based in large part on her own testimony regarding her actions and omissions concerning the vehicle. Therefore, the court did not disregard Appellant's testimony but rather considered it in full in arriving at its verdict. While Appellant appears to have had no role in damaging the vehicle, that does not alter the fact that she signed the rental contract and then permitted her boyfriend to use it for approximately a month and a half after the rental period ended, failing to inform the rental company that the vehicle was damaged during this entire period.

Appellant's final appellate issue merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2022