J-S41034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY S. LOCCHETTO | : | |
| | : | |
| Appellant | : | No. 1204 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 3, 2025
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003007-2024

BEFORE: BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 23, 2026**

Appellant, Anthony S. Locchetto, appeals from the judgment of sentence imposed by the Court of Common Pleas of Bucks County after the trial court found him guilty of driving under the influence (DUI), disorderly conduct, and public drunkenness.[1] Appellant challenges the sufficiency of evidence regarding his DUI conviction. Upon review, we affirm.

On March 21, 2024, at approximately 1:46 a.m., Elleny Metz was driving her car, pulling out of a parking lot in Doylestown, Pennsylvania. She noticed Appellant to her left, riding a bicycle in an unsteady manner and teetering. Then, Metz saw Appellant collide with a pole and fall from the bicycle.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S. § 3802(a)(1), 18 Pa.C.S. §§ 5502(a)(4), and 5505 respectively.

Thereafter, Appellant walked across the street into another parking lot, where he remained with his bicycle. Concerned about Appellant's safety, Metz contacted law enforcement and pulled around the corner to await their arrival. Once the police arrived, Metz drove away. *See* N.T. Trial, 2/12/25, at 8-11.

Responding to the call, Corporal Timothy Conboy arrived at the scene and saw Appellant wobbling. After approaching Appellant, Corporal Conboy detected a strong odor of alcohol emanating from Appellant. Corporal Conboy saw fresh cuts on Appellant's legs. Appellant told Corporal Conboy that he was attempting to return home. While speaking with the officer, Appellant spoke in rambling, incoherent sentences. Then, without prompting from Corporal Conboy, Appellant attempted to demonstrate that he could complete a sobriety test and nearly fell into the middle of the street. Corporal Conboy tried to ascertain whether Appellant could contact someone to provide transportation away from the scene; however, Appellant was unable to provide any telephone numbers. Consequently, Corporal Conboy arrested Appellant for public intoxication. *See* N.T. Trial, 2/12/25, at 13-15.

Appellant was brought to the Bucks County police headquarters and placed in a holding cell. **See** N.T. Trial, 2/12/25, at 23. While under video surveillance in the cell, Appellant shouted obscenities, kicked the cell walls and doors, hit the security camera, and stuffed his shirt into the toilet to clog

it. *See id.* at 27.[2] As a result, Appellant was handcuffed and fitted with a spit hood to prevent self-harm or further damage to the cell. *See id.* at 23. When Appellant was transported to his preliminary arraignment, he engaged in more unruly behavior, including throwing himself against the car doors. *See id.* The Commonwealth charged Appellant with driving under the influence – general impairment, institutional vandalism, disorderly conduct, and public drunkenness. *See* Bill of Information, 8/1/24, at 1.

On February 12, 2025, Appellant proceeded to a non-jury trial. *See* N.T. Trial, 2/12/25, at 6 (Appellant waiving his right to jury trial). Metz and Corporal Conboy testified. *See id.* at 8-9, 12-24. The Commonwealth also introduced Corporal Conboy's body-worn camera footage of his encounter with Appellant. *See id.* at 16; Commonwealth Trial Exhibit C-1 (Body-Worn Camera Footage).

The trial court found Appellant guilty of all charges except institutional vandalism, and sentencing was deferred. *See id.* at 38. On April 3, 2025, the court imposed a sentence of six months' probation and a three-hundred-dollar fine for the DUI offense, with no further penalties for disorderly conduct or public drunkenness. *See* N.T. Sentencing Hearing, 4/3/25, at 4; Order (sentence), 4/3/25. Subsequently, Appellant filed a timely notice of appeal. *See* Notice of Appeal, 5/2/25. He and the trial court complied with

_____

[2] Appellant did not cause any significant damage to the cell. *See* N.T. Trial, 2/12/25, at 24, 27.

Pennsylvania Rule of Appellate Procedure 1925. *See* Rule 1925(b) Order, 5/5/25; Concise Statement of Errors Complained on Appeal, 5/23/25, at 1-2; Trial Court Opinion, 6/4/25*.*

Appellant raises the following question for our review:

Was the evidence sufficient to prove Appellant's guilt[] beyond a reasonable doubt for driving under the influence where the police officers failed to conduct an investigation as to Appellant's ability to safely drive?

Appellant's Brief at 8.

Appellant challenges the sufficiency of evidence supporting the trial court's finding that he was guilty beyond a reasonable doubt of driving under the influence. *See id.* at 10. Specifically, Appellant contends that the evidence presented at trial was insufficient to sustain his DUI conviction because the Commonwealth failed to establish beyond a reasonable doubt that he was incapable of safely operating his bicycle. *See* Appellant's Brief at 10. Appellant points to *Commonwealth v. Segida*, 985 A.2d 871, 979 (Pa. 2009), in which our Supreme Court addresses that evidence of intoxication permits a wide range of circumstantial evidence and argues that there was "very little evidence" presented at trial regarding Appellant's impairment. *Id.* at 10-11. Appellant avers that Corporal Conboy never observed him riding his bicycle. *See id.* at 11. Although the Commonwealth presented testimony from Metz, who stated that she saw a man riding a bicycle and subsequently crashing, Appellant notes that Metz did not testify that the crash was caused by his

intoxication or impairment. *See id.* ("[] Metz never even got out of her vehicle and spoke with [Appellant].").

Appellant further argues that Corporal Conboy's conclusion that Appellant was unfit to operate a vehicle rested only on two factors: the odor of alcohol and the unsteadiness of Appellant on his feet. *See id.* at 11-12 (alleging Corporal Conboy never testified to other usual signs of impairment, such as glassy eyes, confusion of questions, or being uncooperative). He avers that Corporal Conboy admitted on cross-examination that Appellant's unsteadiness could be because of other factors besides impairment. *See id.* at 11 (citing N.T. Trial, 2/12/25, at 26). Additionally, Appellant cooperated with Corporal Conboy and was never given a field sobriety test or asked to give a blood draw. *See id.* at 11.[3]

In addition, Appellant argues that the Commonwealth's evidence fell short of that which this Court has deemed sufficient in prior cases. *See id.* at 12-15. Appellant contends that, unlike cases such as *Commonwealth v. Teems*, 74 A.3d 142 (Pa. Super. 2013), and *Commonwealth v. Blystone*, 335 A.3d 328 (Pa. Super. 2025) (unpublished memorandum), where multiple indicators of intoxication supported appellants' DUI convictions, the instant case involved only the odor of alcohol and some unsteadiness. *See id.*

_____

[3] Appellant cites no authority that Section 3802(a) requires standardized field sobriety tests to sustain a DUI conviction. *See* Appellant's Brief at 13. Field sobriety tests are just one factor that the court considers. *See Luberto*, 344 A.3d at 47. Accordingly, this argument is waived.

Accordingly, Appellant concludes that the Commonwealth's evidence is insufficient and therefore his judgment of sentence must be vacated. *See id.* at 15. We disagree.

The standard of review in evaluating the sufficiency of evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Banks*, 253 A.3d 768, 774 (Pa. Super. 2021) (citing *Commonwealth v. Reed*, 216 A.3d 1114, 1119 (Pa. Super. 2019)). Our sufficiency standard of review applies equally where the Commonwealth's evidence is circumstantial. *See Commonwealth v. Fallon*, 275 A.3d 1099, 1105 (Pa. Super. 2022).

To sustain a conviction for DUI-general impairment, the Commonwealth must establish that the defendant was: (1) operating a vehicle; and (2) did

so after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely operating a vehicle. ***See Commonwealth v. Clemens***, 242 A.3d 659, 665 (Pa. Super. 2020); 75 Pa.C.S. § 3802(a)(1).[4] Our Court has stated that, to sustain a conviction under 75 Pa.C.S. § 3802(a)(1), the Commonwealth may rely on the totality of the circumstances, including "[the defendant's] actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech." ***Commonwealth v. Luberto***, 344 A.3d 41, 47 (Pa. Super. 2025) (quoting ***Segida***, 985 at 879 (Pa. 2009)).

Upon review of the record, we agree with the trial court that the Commonwealth provided sufficient evidence to sustain Appellant's conviction under Section 3802(a)(1). ***See*** Trial Court Opinion, 6/4/25, at 5; ***Luberto***, ***supra***. We find that Appellant misrepresents the record and omits significant evidence that the Commonwealth presented at trial, contrary to our standard of review. ***See Banks***, ***supra***. First, Appellant omits that Metz also testified Appellant was teetering and watched him ride his bicycle into a pole. ***See*** N.T. Trial, 2/12/25, at 8. Second, Corporal Conboy testified that Appellant had an

---

[4] The Pennsylvania Vehicle Code defines "Vehicle" as "[e]very device in, upon, or by which any person…may be transported or drawn upon a highway[.]" Our Court has found a bicycle is a "vehicle" for purposes of prosecution of DUI of alcohol or controlled substances. ***See Commonwealth v. Brown***, 620 A.2d 1213, 1215 (Pa. Super. 1993).

odor of alcohol coming from his person and that he was unsteady. *See id.* at 14-15. In addition, Corporal Conboy testified that Appellant had fresh cuts on his legs, rambled when speaking and uttered nonsense and became disruptive after Appellant's arrest. *See id.* at 12, 27; *see also Banks*, 253 A.3d at 775 (stating testifying police officer who observed defendant's appearance and behavior is competent to express opinion that defendant is impaired by alcohol). Additionally, the trial court considered the body-worn camera footage depicting Appellant's actions with Corporal Conboy. *See* Trial Court Opinion, 6/4/25, at 4; Commonwealth Trial Exhibit C-1.

Furthermore, Appellant's reliance on *Teems* and *Blystone* is unpersuasive; he merely recites the facts of each case, noting the different circumstances presented in those cases without demonstrating how each might preclude a conviction in this case. *See* Appellant's Brief at 12-14. Overall, Appellant essentially asks this Court to reweigh the evidence, which this Court will not do. *See Commonwealth v. Rosario*, 307 A.3d 759, 765 (Pa. Super. 2023) ("Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.") (citation omitted). Accordingly, viewed in the most favorable light to the Commonwealth as the verdict winner, the evidence here supported the trial court's conclusion that Appellant was impaired by alcohol and incapable of safe driving, as it demonstrated that he operated the bicycle, struggled with controlling it, and rode it into a pole, smelled of alcohol, spoke incoherently, and could not maintain his balance even when not riding the bicycle. *See*

*Clemens*, 242 A.3d at 665. Following our review of the record and the law, we conclude Appellant is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/23/2026